## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

TRI-STATE ENERGY SOLUTIONS, LLP a    :   Civil Action No.
Delaware Limited Liability Partnership;    :

      Plaintiff,                  :   **JURY TRIAL DEMANDED**

vs.                                :

KVAR ENERGY SAVINGS, INC.,       :

      Defendant.             :

                                   :

### NOTICE OF REMOVAL

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

PLEASE TAKE NOTICE that, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Defendant KVAR ENERGY SAVINGS, INC. ("Defendant" or "KVAR") gives notice of removal of the above-captioned action to the United States District Court for the District of Delaware from the Court of Chancery of the State of Delaware. In support of its Notice of Removal, Defendant represent as follows:

      1.      On or about November 19, 2007, Plaintiff Tri-State Energy Solutions, LLP ("Plaintiff") commenced an action against Defendant, entitled "*Tri-State Energy Solutions, LLP v. KVAR Energy Savings, Inc.,*" Civil Action No. 3361-VCP, in the Court of Chancery of the State of Delaware.

      2.      Plaintiff served a summons on the Delaware Secretary of State pursuant to 10 *Del. C.* § 3104 on or about February 15, 2008. Thereafter, Plaintiff sent KVAR a copy of the Complaint and service papers via registered mail dated March 5, 2008 which

KVAR received on March 18, 2008.  No other proceedings have been held in this action, and the Summons and Complaint constitute all processes and pleadings served upon Defendants in this action.  A copy of the Summons and Complaint are attached hereto as Exhibit A.

3.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty (30) days of the March 18, 2008 receipt of the Complaint and service papers by KVAR.

4.    Upon formal receipt of the Complaint and service papers, counsel for KVAR contacted counsel for Plaintiff and obtained an extension until April 11, 2008 to respond to the Complaint.

5.    Plaintiff's Complaint purports to assert state law claims including, unfair competition, misappropriation of testimonials, deceptive trade practices, and breach of contract. (Complaint ¶¶ 16-32).

6.    Plaintiff is a limited liability partnership formed and existing under the laws of the State of Delaware with its principal place of business in Delaware. (Complaint ¶ 2).  Upon information and belief, the partners of Tri-State are all Delaware residents, or at the very least, residents of states other than Florida, and therefore Plaintiff is not a resident of the State of Florida.  Defendant is a corporation formed and existing under the laws of the State of Florida with its principal place of business in Florida. (Complaint ¶ 3).  Accordingly, diversity of citizenship exists between the parties.

7.    Plaintiff claims at least $100,000 in damages.    (Complaint ¶ 13). Accordingly, the amount in controversy exceeds $75,000.

8.      This Court has subject matter jurisdiction over this controversy pursuant to 28 *U.S.C.* § 1332 because the amount in controversy exceeds $75,000 and the action arises between citizens of different states. *See* 28 *U.S.C.* § 1332.  Accordingly, this action is removable from the Court of Chancery of the State of Delaware to this Court pursuant to 28 *U.S.C.* § 1441. *See* 28 *U.S.C.* § 1441.

9.      Pursuant to 28 *U.S.C.* § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed immediately with the Court of Chancery of the State of Delaware.

**WHEREFORE,** Defendant respectfully requests that the above-referenced action be removed from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware.

**McCarter & English, LLP**

/s/ Daniel M. Silver
A. Richard Winchester (#2641)
awinchester@mccarter.com
Daniel M. Silver (#4758)
dsilver@mccarter.com
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
(302) 984-6300

*Attorneys for KVAR Energy Savings, Inc.*

Dated: April 11, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRI-STATE ENERGY SOLUTIONS, LLP a Delaware Limited Liability Partnership; | : | Civil Action No. |
|  | : |  |
|  | : |  |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| vs. | : |  |
|  | : |  |
| KVAR ENERGY SAVINGS, INC., | : |  |
|  | : |  |
| Defendant. | : |  |

## CERTIFICATE OF SERVICE

I hereby certify that on **April 11, 2008,** I electronically filed the Notice of Removal with

the Clerk of Court using CM/ECF.  I hereby certify that on **April 11, 2008,** I have mailed by

United States Postal Service, the document(s) to the following non-registered participants:

> Leo John Ramunno, Esq. (# 2003)
> 1205 N. King Street
> Wilmington, Delaware 19801
> (302) 654-0660
> Attorney for Tri-State Energy Solutions, LLP

**McCarter & English, LLP**

/s/ Daniel M. Silver
A. Richard Winchester (#2641)
awinchester@mccarter.com
Daniel M. Silver (#4758)
dsilver@mccarter.com
405 N. King Street
Wilmington, DE 19801
(302) 984-6300
Attorneys for KVAR Energy Savings, Inc.

ME1 7285581v.1

# EXHIBIT A

# LEO JOHN RAMUNNO

**ATTORNEY AT LAW**

1205 N. KING STREET
WILMINGTON, DELAWARE 19801

Telephone 302-654-0660
Fax 302-425-5044

March 5, 2008

**VIA REGISTERED MAIL/**
**RETURN RECEIPT REQUESTED**

KVAR Energy Savings, Inc.
413 Oak Place; Building 4, Unit 5
Port Orange, FL 32127

Re: <u>Tri State Energy Solutions, LLP v. KVAR Energy Savings</u>

Dear Sir or Madam:

Please be advised that I represent the above-captioned plaintiff. On their behalf, I have filed suit against you as a result of the partnership assets and dissolution of the partnership.

As you are a non-resident of the State of Delaware, suit was commenced according to Title 10, in this state by statute appoint the Secretary of State as their agent to accept service of legal process pursuant to the long arm statute.

Enclosed please find a copy of the process and Complaint served upon the Secretary of State of the State of Delaware which, pursuant to the above mentioned statute, is effective for all intents and purposes as if it had been served upon you personally.

I would suggest that you notify your insurance company immediately of this suit. I would also suggest that you contact your attorney immediately if your insurance company does not provide one for you.

Very truly yours,

Leo John Ramunno

Enclosure

LJR\adl

SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(A)
OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or binding upon any party.

1. Caption of Case:

TRI-State Energy Solutions, LLP, a Delaware Limited Company,
v.
KVAR Energy Savings, Inc., a Florida Corporation

2. Dated Filed:

November 19, 2007

3. Name and address of counsel for plaintiff:

Leo John Ramunno, Esquire
1205 N. King Street
Wilmington, DE 19801

4. Short statement and nature of claim asserted:

The action involves enforcing an exclusive distributor agreement and enjoining Defendant from selling non-exclusive agreements with Plaintiff's territory and for damages.

5. Substantive field of law involved (check one):

| | |
|---|---|
| _____ Administrative law | _____ Trade secrets/trade mark/ |
| _____ Commercial law | or other intellectual |
| _____ Constitutional law | property |
| _____ Corporation law | _____ Trusts |
| _____ Guardianships | _____ Wills and estates |
| _____ Labor law | _____ Zoning |
| _____ Real property | __X__ Other |

6. Related case(s):

N/A

7. Basis of court's jurisdiction (including the citation of any statute conferring jurisdiction):

10 Del. C. Section 341; and no adequate remedy of law.

8. If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought:

To enjoining Defendant from selling non -exclusive agreements within Plaintiff's territory.

9. If the complaint seeks summary or expedited proceedings, check here __X__ .

_____
Signature of Attorney of Record
Leo John Ramunno, Esquire, Bar ID No. 2003

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

TRI-STATE ENERGY SOLUTIONS, LLP,    :
a Delaware Limited Company,          :
                                     :
           Plaintiff,                :
                                     :    C.A. No. _____
     v.                              :
                                     :
KVAR ENERGY SAVINGS, INC.,           :
a Florida Corporation,               :
                                     :
           Defendant.                :

## VERIFIED COMPLAINT

1.    Defendant entered into an exclusive regional distributions agreement with Plaintiff on May 5, 2006 and have breached that agreement in violation of the Plaintiff's exclusive regional distribution agreement, from violating their exclusive distribution agreement and from libel and slander and to recover damages.

2.    Plaintiff's, Tri-State Energy Solutions, LLP is a limited liability company formed and existing under the laws of Delaware. (Any denial to these allegations shall be by affidavit as required by 10 Del. C. § 3918).

3.    Defendant KVAR Energy Savings, Inc. is a Florida Corporation with its principal address at 413 Oak Place, Building 4, Unit 5, Port Orange, FL 32127 and doing business in the State of Delaware and subject to Delaware jurisdiction through the long arm statute and its mailing address is 610 Moon Penny Circle, Port Orange, Florida 32127.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter pursuant to 10 Del. C. §341.

5.      The conduct charged in the complaint was carried out in whole or part within the State of Delaware. Tri-State Energy Solutions, LLC has its principle place of business in New Castle County. Venue is therefore appropriate in New Castle County.

## FACTS COMMON TO ALL COURTS

6.      Tri-State Energy Solutions, LLP (hereinafter referred to as Tri-State) entered into a regional distributor agreement on May 5, 2006 with KVAR Energy Savings, Inc. (hereinafter referred to as KVAR) and on May 10, 2006 entered into an exclusive right to sell, distribute KVAR products and to set up distribution as non-exclusive for the same products within the State of Delaware.

7.      The above agreement was extended into adjoining States of Pennsylvania and Maryland.

8.      On or about July 19, 2007, KVAR through its agent Steve Fish, asked Tri-State to terminate a non-exclusive vender agreement it had with Alton Holt and Darrell Atkins to try to put pressure on Ecco Quest, a multilevel marketing company, that they could no longer have access to KVAR products.

9.      KVAR through Steve Fish, wanted Tri-State to allow Ecco Quest to sell residential unit in their territory and wanted Tri-State to agree on compensation for letting Ecco Quest sell products in their territory.

10.     On September 1, 2007, Tri-State discovered that Darrell Atkins and Ecco Quest was selling KVAR products in their territory mainly Delaware, Maryland and Pennsylvania. Tri-State notified KVAR that there was a violation of the exclusive agreement and was told by KVAR's agent Steve Fish and Greg Taylor, that they were no longer having Tri-State exclusive distributors agreement and that they were going to sell non-exclusive agreements in Tri-State's territory to use Tri-State testimonials and document on the other distributor's website.

11.    On September 12, 2007, Tri-State through its attorney wrote to KVAR for them to remove Tri-State testimonials from their web site. Again, KVAR responded that Tri-State was no longer an exclusive dealer in their territory since they were no longer honoring the agreement.

12.    KVAR has knowingly violated these exclusive distributor agreements with Tri-State and have sold non-exclusive vendors in Tri-State's territory causing excess monetary damages to Plaintiff. KVAR has also, on their web site, has put the "Kilowatt nanny" Tri-State name for the KVAR product on their Imposture list as well as "Power sava" on their imposture list.

13.    Tri-State has over $100,000.00 in product it can no longer sell due to KVAR illegal action and violation of its exclusive distributor agreement. KVAR has also sold numerous non-exclusive agreements in Tri-State's territory, a direct violation of the exclusive distributor agreement.

14.    KVAR through its agent Steve Fish is attempting to destroy Tri-State's business and has taken the position that Tri-State is no longer a vendor and has defamed Tri-State on numerous web sites claiming Plaintiff's product are impostures and are no longer vendors for their territory.

15.    Tri-State has a valid exclusive distributor agreement with KVAR that they have knowing breached their agreement and have entered into a whole series of non-exclusive agreements in Tri-State's territory and have libel and slandered Tri-State with the false information placed on numerous web sites that Tri-State products are impostures causing excessive loss of income.

## COUNT I
## UNFAIR COMPETITION

16.    The allegations of all foregoing paragraphs are incorporated and are realleged is if set forth at length herein.

17.    Defendants have intentionally appropriated the testimonials of Tri-State offering for sale and selling goods and service with intent of causing confusion, mistakes and deception as to the source of the goods and services, and with the intent to palm off these goods and services as those of Tri-State, and, as such, defendants have committed unfair competition under the common law and dilution of Tri-State distinctive trade rights.

18.    The unfair competition as aforesaid has caused and continues to cause damage and irreparable injury to Tri-State.

19.    Tri-State is without an adequate remedy of law.

## COUNT II
## MISAPPROPRIATION OF TESTIMONIALS

20.    The allegations of all foregoing paragraphs are incorporated and are realleged as if set forth at length herein.

21.    Tri-State constitutes valuable testimonial information that derives independent economic value from not being readily ascertainable by proper means or use.

22.    As a result of Defendant's misappropriate and improper utilization of Tri-State has lost customers, business, profits and sales. Unless enjoined by this Court, Defendant's may continue to improperly use Tri-State testimonials.

23.    The losses sustained by Tri-State as a result of Defendant's misappropriation and improper utilization testimonials cannot be remedied adequately by compensatory damages; accordingly, Tri-State has no adequate remedy at law.

24.    An Order enjoining Defendant's from engaging in any further use of testimonials is necessary to protect the legitimate interest of Tri-State in preserving its

good will, assets and existing relationships with customers and franchises and to prevent any further violations.

## COUNT III
## DECEPTIVE TRADE PRACTICES

25.    The allegations of all foregoing paragraphs are incorporated and are realleged as if set forth at length herein.

26.    The actions of the defendant as set forth above constitutes deceptive trade practices under Del. C. 6 §2532, to wit:

    i)    Passing off goods or services as those of another;

    ii)    Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

    iii)    Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by another.

    iv)    Representing that goods or services have sponsorship, approval characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation or connection that t he person does not have; and,

    v)    Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

27.    KVAR has willfully engaged in the deceptive trade practices as aforesaid.

28.    The deceptive trade practices as aforesaid have caused and continue to cause damage and irreparable injury Tri-State.

29.    Tri-State is without an adequate remedy at law.

## COUNT IV
## BREACH OF CONTRACT

30.    The allegations of all foregoing paragraphs are incorporated and are realleged as if set forth at length herein.

31.    Defendants have breached their exclusive distributor agreement with Tri-State by no longer knowing that agreement and selling numerous non exclusive agreement in Tri-State territory and by shipping products in the State in violation of agreement.

32.    These breaches have caused injury and damages to Tri-State.

## PRAYER FOR RELIEF

**WHEREFORE,** Tri-State demanded judgment against the defendant and respectfully request this Court to award the following relief:

a.    Enjoining the Defendant from selling non-exclusive distributor agreement in Tri-State territory and order Defendant to honor the valid exclusive distributor agreement.

b.    Award expectations, compensating and restitutionary damage to Tri-State for Defendant's conduct.

c.    Attorney fees, pre judgment interest, post judgment interest, cost of the action and such other and further relief as the Court deems just.

**LEO JOHN RAMUNNO, ESQUIRE**
**BAR ID NO. 2003**
1205 N. King Street
Wilmington, DE 19801
302-654-0660
Attorney for Tri-State Energy Solutions, LLP

# AFFIDAVIT

**BE IT REMEMBERED** this _16_ day of ___Nrcl___, 2007 that Lawrence Gillen did appear before a notary public and state that under oath that the information contained in the attached Verified Complaint is true and correct to the best of his knowledge.

_____
Lawrence Gillen

**SWORN and SUBSCRIBED** this _16_ day of ___Nrcl___ 2007.

_____
Notary Public

LEO JOHN RAMUNNO, ESQ.
Notarial Officer - Delaware
29 Del. C. §4323(a)(3) Notarial Act

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| TRI-STATE ENERGY SOLUTIONS, LLP,<br>a Delaware Limited Company, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| KVAR ENERGY SAVINGS, INC.,<br>a Florida Corporation, | : <br> : <br> : |
| Defendant. | : |

C.A. No. _____

### CERTIFICATE OF SERVICE

I, Leo John Ramunno, Esq. do hereby certify that on this ___19th___ day of November 2007, I have caused the *Verified Complaint* to be served upon the Defendant KVAR Energy Savings, Inc., by serving the Secretary of State Pursuant to 10 Del.C. §3104 at 610 Moon Penny Circle, Port Orange, FL 32127 and by First Class Mail.

_____
**LEO JOHN RAMUNNO, ESQUIRE**
**BAR ID NO. 2003**
1205 N. King Street
Wilmington, DE 19801
302-654-0660
Attorney for Tri-State Energy Solutions, LLP

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

TRI-STATE ENERGY SOLUTIONS, LLP,  :
a Delaware Limited Company,       :
                                  :
              Plaintiff,          :
                                  :        C.A. No. 3361-VCP
        v.                        :
                                  :
KVAR ENERGY SAVINGS, INC.,        :
a Florida Corporation,            :
                                  :
              Defendant.          :

### PRAECIPE

PLEASE ISSUE A SUMMONS AND COMPLAINT by the Sheriff of Kent County, State of Delaware, upon the Defendant KVAR Energy Savings, Inc. by serving the Secretary of State Pursuant to 10 Del.C. §3104 at KVAR Energy Savings, Inc.,413 Oak Place, Building 4, Unit 5, Port Orange, FL 32127.

LEO JOHN RAMUNNO, ESQUIRE
1205 N. King Street
Wilmington, DE 19801
302-654-0660
Attorney for Plaintiff
Bar ID #2003

Dated: Jan. 4. 2008

EFiled: Mar 3 2008 1:14PM EST
Transaction ID 18828057
Case No. 3361-VCP
SUMMONS

FILED

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

2008 FEB 22  A 8 24
MAR 3

NCC RIC

TRI-STATE ENERGY SOLUTIONS, LLC,
a Delaware Limited Company,

                              Plaintiff,

v.

KVAR ENERGY SAVINGS, INC.,
a Florida Corporation,

                              Defendant.

CIVIL ACTION NO.   3361-VCP

SUMMONS

RECEIVED

FEB 1 5 2008

**TO THE**   KENT COUNTY SHERIFF:

**YOU ARE COMMANDED:**

        To Summon the above named defendants so that, within 20 days after service hereof upon

defendants, exclusive of the day of service, defendants shall serve upon

Leo John Ramunno, Esquire
1205 King Street
Wilmington, Delaware  19801

, plaintiff's attorney whose address is

an answer to the complaint.

        To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

        In case of your failure, within 20 days after service hereof upon you, exclusive of the day
of service, to serve on plaintiff's attorney named above an answer to the complaint, judgment by
default will be rendered against you for the relief demanded in the complaint.

                                        _Patricia G. Randolph_

Dated   February 1, 2008

                                        Register in Chancery
                                        Wilmington, Delaware

CIVIL ACTION NO.   3361-VCP

TRI-STATE ENERGY SOLUTIONS, LLP,

Plaintiff

VS.

KVAR ENERGY SAVINGS, INC.,

Defendant

SUMMONS

Please effectuate service upon:

1. KVAR Energy Savings, Inc.
   413 Oak Place, Building 4, Unit 5
   Port Orange, FL  32127

   by serving the Delaware Secretary of State
   pursuant to 10 Del.C.  § 3104

SERVICE TO BE COMPLETED BY
KENT COUNTY SHERIFF

FILED
2008 FEB 32  A 8 29
NCC RIC

Leo John Ramunno, Esquire
Attorney for Plaintiff

# Sheriff's Return

Served the within Summons and copy of the following complaint:

SUMMONS/COMPLAINT

this day, Friday, February 15, 2008, personally upon HARRIET SMITH WINDSOR, Secretary of State of the State of Delaware, by leaving with her a true and correct copy of the said Summons for the defendant:

KVAR ENERGY SAVINGS, INC.



and a copy of the Complaint for the said defendant, together with the sum of $ 2.00 Dollars, as prescribed by Section 3104 of Title 10 of the Delaware Code of 1978.

So Answers,

Higdon

Jim Higdon
Sheriff of Kent County

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

TRI-STATE ENERGY SOLUTIONS, LLP

**DEFENDANTS**

KVAR ENERGY SAVINGS, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    New Castle, Delaware

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Port Orange, Florida

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEY'S (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

McCarter & English LLP, Renaissance Centre
405 N. King Street,
Wilmington DE 19801, (302) 984-6300

ATTORNEYS (IF KNOWN)

Leo John Ramunno, Esq. (# 2003)
1205 N. King Street
Wilmington, Delaware 19801, (302) 654-0660

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

28 *U.S.C.* § 1332

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multi-District Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/ etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **Personal property** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt Relations | ☐ 863 (DIWC/DIWW (405(g))) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of contract/tort action arising among diversity citizens in excess of $100,000 - 28 *U.S.C.* § 1332

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND  $ 100,000 +

CHECK YES only if demanded in complaint

JURY DEMAND    ☐ YES    ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE    Judge Patricia c. Fawcett

DOCKET NUMBER    08-CV-85 M.D. FLA.

DATE

SIGNATURE OF ATTORNEY OF RECORD

/s/ Daniel M. Silver

## FOR OFFICE USE ONLY

ME1 7285052v.1

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other pages as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suites by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked the citizen ship of the different parties must be checked. (See Section III below: federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Origin.** Place an "X" is one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under the authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suite. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

## Date and Attorney Signature. Date and sign the civil cover sheet.