# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF DELAWARE

| | |
|---|---|
| TRI-STATE ENERGY SOLUTIONS, LLP a Delaware Limited Liability Partnership;  :  |  Civil Action No. |
| Plaintiff,  : | **JURY TRIAL DEMANDED** |
| vs.  : | |
| KVAR ENERGY SAVINGS, INC.,  : | |
| Defendant.  : | |

## DECLARATION OF GREGORY TAYLOR
## SUBMITTED IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE,
## MOTION TO TRANSFER THIS ACTION TO THE MIDDLE DISTRICT OF FLORIDA

The declarant, Gregory Taylor, deposes and states as follows under penalty of perjury:

1. I am over the age of 21 and mentally competent to testify as to the information contained herein. I am the President and Founder of KVAR Energy Savings, Inc. ("KVAR"). I have been employed by KVAR since 1992, and I have first-hand knowledge of KVAR's dealings with Larry Gillen, Joe Chieffo, Chieffo Electric, and Tri-State Energy Solutions, LLP ("Tri-State").

2. KVAR does not maintain any offices or business operations in the State of Delaware, and no KVAR personnel regularly work or reside in the State of Delaware. KVAR does not sell products directly in the State of Delaware.

3. After discovering KVAR™ products on KVAR's website, Larry Gillen contacted KVAR to inquire about its products as well as about the possibility of becoming a KVAR distributor in Delaware. No products were offered for direct sale on that website.

4. After discussions with Gillen, KVAR agreed to sell Gillen two KVAR™ units for his personal use at distributor prices. In connection with Gillen's discussions with KVAR, Gillen was required to executed the Confidentiality and Non-Disclosure Agreement ("NDA") with KVAR.

5. Gillen was so impressed by the KVAR™ products that he re-asserted his desire to become an authorized distributor of KVAR™ products.

6. KVAR advised Gillen that it typically only permits licensed electrical contractors to serve as distributors of KVAR™ products.

7. In an effort to become a KVAR distributor, Gillen and Joe Chieffo formed Tri-State. Upon information and belief, Chieffo, a licensed electrician, and Gillen, are partners and principals of Tri-State.

8. After forming Tri-State, Gillen and Chieffo, as representatives of Tri-State, traveled to Florida to meet with KVAR representatives.

9. KVAR did not require Gillen and Chieffo to execute an NDA in their capacity as principals and partners of Tri-State because both were already subject to an NDA with KVAR — Gillen had previously signed an NDA and Chieffo signed an NDA in his individual capacity during his visit with KVAR in Florida.

10. After the representatives of KVAR and Tri-State discussed Tri-State becoming a distributor, while in Florida, the parties executed an Exclusive Distribution Agreement, which had a distribution territory of the State of Delaware. This Exclusive Distribution Agreement was executed by Gillen and Chieffo on behalf of Tri-State while they were in Florida meeting with KVAR representatives. No negotiations for the Exclusive Distribution Agreement occurred in Delaware.

11. Thereafter, KVAR and Tri-State agreed to expand Tri-State's distribution territory to include Pennsylvania and Maryland. The discussions regarding this expansion occurred over the telephone between KVAR representatives in Florida, and Tri-State representatives, presumably in Delaware. Thereafter, the parties executed the Regional Distributor Agreement in separate counterparts; KVAR executed it in Florida and Tri-State executed it in Delaware. Other than expanding the territory and increasing the minimum wholesale quarterly purchasing requirement from $7500 to $75,000, the Regional Distributor Agreement was the same as the Exclusive Distribution Agreement in all material respects.

12. Prior to the deterioration of the KVAR-Tri-State relationship, KVAR shipped all products to Tri-State F.O.B. Florida. All orders placed by Tri-State were paid for with a Summit Liquors credit card issued to Larry Gillen and shipped to Summit Liquors, a business owned and/or operated by Gillen's family.

13. KVAR does not conduct any direct advertising in the State of Delaware. Pursuant to the Exclusive Distribution Agreement and Regional Distributor Agreement, Tri-State was permitted to advertise using the KVAR name, trademarks, symbols, etc. only after submitting proofs to KVAR for review and approval. Tri-State never submitted any such proofs to KVAR to review and approve.

Date: 4-9-2008                                         _____ /PRESIDENT
                                                         Gregory Taylor

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| TRI-STATE ENERGY SOLUTIONS, LLP a Delaware Limited Liability Partnership; | : : : | Civil Action No. |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| vs. | : : | |
| KVAR ENERGY SAVINGS, INC., | : : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on **April 11, 2008,** I electronically filed the <u>Declaration of Gregory Taylor Submitted in Support of Defendant KVAR Energy Savings, Inc.'s Motion to Dismiss Defendant KVAR Energy Savings, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, Or In The Alternative, Motion to Transfer This Action to the Middle District of Florida</u> with the Clerk of Court using CM/ECF.  I hereby certify that on **April 11, 2008,** I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

    Leo John Ramunno, Esq. (# 2003)
    1205 N. King Street
    Wilmington, Delaware 19801
    (302) 654-0660
    Attorney for Tri-State Energy Solutions, LLP

    **McCarter & English, LLP**

    /s/ Daniel M. Silver
    A. Richard Winchester (#2641)
    awinchester@mccarter.com
    Daniel M. Silver (#4758)
    dsilver@mccarter.com
    405 N. King Street
    Wilmington, DE 19801
    (302) 984-6300
    Attorneys for KVAR Energy Savings, Inc.